IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

HEATHER KING, )
 )
    Plaintiff, )
 )
v. ) Civil Action No.: 3:19-cv-322-SRW
 )
 )
ANDREW SAUL, )
Commissioner of Social Security,[1] )
 )
    Defendant. )

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

On August 30, 2017, Plaintiff Heather King filed an application for a period of disability and disability insurance benefits under Title II of the Social Security Act, alleging that she became disabled on July 6, 2016. The application was denied at the initial administrative level. Plaintiff then requested and received a hearing before an Administrative Law Judge ("ALJ"). Following the hearing, the ALJ issued an unfavorable decision dated January 14, 2019. Plaintiff appealed that decision and the Appeals Council denied Plaintiff's request for review on March 7, 2019. The ALJ's decision consequently became the final decision of the Commissioner of Social Security ("Commissioner"). *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the court

---

[1] Andrew Saul was sworn in as the Commissioner of Social Security on June 17, 2019, and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d). *See also* section 205(g) of the Social Security Act, 42 USC § 405(g) (action survives regardless of any change in the person occupying the office of Commissioner of Social Security).

for review of that decision pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Under 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, the parties have consented to the conduct of all proceedings and entry of a final judgment by the undersigned United States Magistrate Judge. *See* Docs. 13, 14. Based on review of the parties' submissions, the relevant law, and the record as a whole, the court finds that the Commissioner's decision is due to be AFFIRMED.

## II. STANDARD OF REVIEW AND REGULATORY FRAMEWORK

The court's review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla," but less than a preponderance, "and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence") (citations omitted). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). However, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts

from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

To qualify for disability benefits and establish his or her entitlement for a period of disability, a person must be unable to

> engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2] To make this determination, the Commissioner employs a five-step, sequential evaluation process. *See* 20 C.F.R. §§ 404.1520; 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1 [the Listing of Impairments]?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
> An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of "not disabled."

---

[2] A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. § 423(d)(3).

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on the claimant through step four. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237–39 (11th Cir. 2004); *see also Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). A claimant establishes a *prima facie* case of qualifying disability once he or she has carried the burden of proof from step one through step four. At step five, the burden shifts to the Commissioner, who must then show that there are a significant number of jobs in the national economy that the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity ("RFC"). *Phillips*, 357 F.3d at 1238–1239. The RFC is what the claimant is still able to do despite the claimant's impairments and is based on all relevant medical and other evidence. *Id*. It may contain both exertional and nonexertional limitations. *Id*. at 1242–1243. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy that the claimant can perform. *Id*. at 1239. To do this, the ALJ can use either the Medical Vocational Guidelines ("grids"), *see* 20 C.F.R. pt. 404 subpt. P, app. 2, or call a vocational expert ("VE"). *Id*. at 1239–1240.

The grids allow the ALJ to consider factors such as age, confinement to sedentary

---

[3] *McDaniel* is a supplemental security income (SSI) case. The same sequence applies to disability insurance benefits brought under Title II of the Social Security Act. Supplemental security income cases arising under Title XVI of the Social Security Act are appropriately cited as authority in Title II cases, and vice versa. *See, e.g.*, *Ware v. Schweiker*, 651 F.2d 408, 412 (5th Cir. 1981); *Smith v. Comm'r of Soc. Sec.*, 486 F. App'x 874, 876 n.* (11th Cir. 2012) ("The definition of disability and the test used to determine whether a person has a disability is the same for claims seeking disability insurance benefits or supplemental security income.").

4

or light work, inability to speak English, educational deficiencies, and lack of job experience. Each factor can independently limit the number of jobs realistically available to an individual. *Id*. 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

## III. ADMINISTRATIVE PROCEEDINGS

Plaintiff was thirty-two years old at the time she filed her application for benefits and thirty-three years old at the time of the ALJ's decision. R. 23, 50, 243. She lives in a home with her husband and two children. R. 55, 57, 62. Her mother-in-law helps her when she experiences bad days. R. 60. Plaintiff earned an associate's degree in general studies. R. 70, 258.

Plaintiff claims that her ability to work is limited due to "bilateral plantar fasciitis, chronic lower abdominal post-operative neuralgia, major depressive disorder, tension headaches, lumbosacral sprain, IBS, cervical spine degenerative disc disease, left ankle lateral collateral ligament sprain, left hip sprain with arthritic pubic symphysis, and upper extremity cervical radiculopathy." R. 257. She served in the Army for over twelve years, including a twelve-month deployment to Afghanistan. R. 50, 70. Her past relevant work was as an x-ray technician and career counselor. R. 22, 69, 258.

Following the administrative hearing, and employing the five-step process, the ALJ found at step one that Plaintiff "has not engaged in substantial gainful activity since July 6, 2016, the alleged onset date[.]" R. 14. At step two, the ALJ found that Plaintiff suffers from the following severe impairments: "degenerative arthritis, lumbar radiculopathy, disorders of muscle, ligament and fascia (left hip and knee strain), [and] abdominal pain

5

chronic[.]" *Id*. At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments[.]" R. 20. Next, the ALJ articulated Plaintiff's RFC as follows:

> the claimant has the residual functional capacity to perform light[4] work as defined in 20 CFR 404.1567(b) except that the claimant can climb ramps and stairs frequently, never climb ladders, ropes or scaffolds, balance frequently, stoop occasionally, kneel frequently, crouch occasionally, crawl frequently[;] the claimant's time off task can be accommodated by normal breaks, and she would need one extra five minute unplanned break.

*Id*. At step four, based upon the testimony of a VE, the ALJ concluded that Plaintiff "is capable of performing past relevant work as an x-ray technician and career counselor." R. 22. At step five, based upon Plaintiff's age, education, work experience, and RFC, the ALJ found that "[a]lthough the claimant is capable of performing past relevant work . . . there are other jobs that exist in significant numbers in the national economy that [Plaintiff] also can perform," such as an inspector, laundry worker, or wire worker. R. 23, 71–73. Accordingly, the ALJ determined that Plaintiff "has not been under a disability . . . from July 6, 2016, through the date of this decision[.]" R. 24.

## IV. DISCUSSION

### 1. *Severe Impairments*

First, Plaintiff claims that the ALJ erred by finding that she has no severe mental impairments. Doc. 8 at 2. Specifically, Plaintiff argues that the ALJ erroneously found that her medically determinable impairments of depression and anxiety were non-severe.

---

[4] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

*Id.*; R. 17. The Commissioner maintains that the ALJ's finding at step two is supported by substantial evidence. Doc. 9 at 5.

An impairment or combination of impairments is "severe" if it "significantly limits [Plaintiff's] physical or mental ability to do basic work activities" and persists for at least twelve consecutive months. 20 C.F.R. §§ 404.1520(c); 404.1505(a). Plaintiff bears the burden to prove that an impairment is severe. *See Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). "Step two is a threshold inquiry," *McDaniel*, 800 F.2d at 1031, acting as a "filter" to eliminate claims involving no substantial impairment, *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987). In the Eleventh Circuit, "the finding of any severe impairment, whether or not it qualifies as a disability and whether or not it results from a single severe impairment or a combination of impairments that together qualify as severe, is enough to satisfy the requirement of step two." *Id*. When an ALJ recognizes at least one severe impairment, the ALJ is not required to identify additional impairments at step two if the decision demonstrates that the ALJ properly considered all impairments at subsequent steps. *Tuggerson-Brown v. Comm'r of Soc. Sec.*, 572 F. App'x 949, 951 (11th Cir. 2014). At the fourth step of the sequential evaluation process, an ALJ must consider all medically determinable impairments, not just the "severe" impairments identified at step two. *Id.*; 20 C.F.R. § 404.1545(a)(2). The ALJ's responsibility is met when she considers all medical evidence in the record by referencing the claimant's "combination of impairments" at step three and stating that she considered "all symptoms" in assessing the RFC. *Tuggerson-Brown*, 572 F. App'x at 951–952. Importantly, the "mere existence" of

an impairment does not reveal its effect on a claimant's ability to work or undermine RFC findings. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005).

At step two in this case, the ALJ satisfied the threshold inquiry by finding that Plaintiff has severe impairments. R. 14–19; *see Jamison*, 814 F.2d at 588. Because the ALJ found that Plaintiff has at least one severe impairment, she was not required to identify all of Plaintiff's severe impairments before moving to step three of the sequential evaluation process. *See Tuggerson-Brown*, 572 F. App'x at 951–952.

Having found that the ALJ did not err at step two, the cort must consider whether the ALJ considered all of Plaintiff's impairments, regardless of severity, in performing the next steps of the sequential evaluation process. Here, the ALJ specifically stated that she considered the "entire record" and "all" of Plaintiff's symptoms, including the combined effects of Plaintiff's medically determinable impairments. R. 20. These statements sufficiently demonstrate that the ALJ considered all of the necessary evidence. *See Tuggerson-Brown*, 572 F. App'x at 951–952.

Moreover, with respect to Plaintiff's alleged anxiety and depression, the ALJ in fact discussed Plaintiff's symptoms and limitations in detail. In determining whether Plaintiff's psychological impairments met the "paragraph B" criteria for evaluating mental disorders, the ALJ found that Plaintiff had no limitations in the areas of understanding, remembering, or applying information and mild limitations in the areas of interacting with others; maintaining concentration, persistence, or pace; and adapting or managing oneself. R. 18–19. In making these findings, the ALJ relied on, *inter alia,* the prior administrative medical

findings by two psychologists, Plaintiff's limited history of mental health treatment and generally benign symptoms, and Plaintiff's daily activities. R. 17–19.

First, the ALJ observed that "[t]he mental impairment assessments" in the record were "consistent with a finding that [Plaintiff] is not disabled." R. 18. The ALJ specifically reviewed the prior administrative findings of two psychological consultants, Carol Moore, Ph.D., and Matthew Comrie, Psy.D., who reviewed Plaintiff's medical record and found that Plaintiff had non-severe mental impairments with no more than mild functional limitations. R. 18, 83, 95. The ALJ specifically stated that she agreed with their assessments. R. 18.

Plaintiff argues that these prior administrative findings conflict with the American Psychiatric Association's definition of major depressive disorder. Doc. 8 at 4. Plaintiff appears to argue that her diagnosis of major depressive disorder alone proves that she has resulting functional limitations. However, "the mere diagnosis of [a condition] says nothing about the severity of the condition." *Crans v. Berryhill*, No. 3:16-cv-914, 2017 WL 4683933, at *5 (M.D. Ala. Oct. 18, 2017) (quoting *Higgs v. Bowen*, 880 F.2d 860, 863 (6th Cir. 1988)); *see also Osborn v. Barnhart*, 194 F. App'x 654, 662 (11th Cir. 2006) ("[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, and not simply in terms of deviation from purely medical standards of bodily perfection or normality.") (quoting *McCruter v. Bowen,* 791 F.2d 1544, 1547 (11th Cir. 1986)). It was Plaintiff's burden to demonstrate the existence of functional limitations due to her alleged mental impairments, not simply that she was diagnosed with major depressive disorder.

As a second basis for finding Plaintiff's mental impairments non-severe, the ALJ observed that Plaintiff had received "limited mental health therapy." R. 17. Indeed, the record shows that Plaintiff received very infrequent treatment for her mental health, which consisted of four treatment sessions occurring over a three-month period from March through May 2017. R. 375, 391–392, 400–401, 411–413. The ALJ observed that "[t]he majority of her depression and anxiety symptoms appears to be related to her physical impairments" and noted a treatment visit with a negative depression screen. R. 17. The ALJ also observed that Plaintiff had been prescribed Celexa, but found that her treatment records did "not indicate or evidence her mental impairments to be debilitating to her." R. 17–18.

Third, the ALJ considered Plaintiff's reported daily activities. R. 17–19. In particular, the ALJ noted that Plaintiff cared for her three young children, maintained her hygiene and appearance, managed her affairs, and participated in customary household chores. *Id*. These daily activities are well documented in the record and, in the ALJ's view, were evidence that Plaintiff's mental impairments were non-severe.

Plaintiff argues that the ALJ erred by deciding at step two that her mental impairments are non-severe without first obtaining a psychiatric or consultative examination. Doc. 8 at 7 (citing *McCall v. Bowen*, 846 F.2d 1317, 1320 (11th Cir. 1988)). Plaintiff's argument is based on 42 U.S.C. § 421(h), which provides, in relevant part, that "[a]n initial determination . . . shall not be made until the Commissioner . . . has made every reasonable effort to ensure . . . in any case where there is evidence which indicates the existence of a mental impairment, that a qualified psychiatrist or psychologist has

completed the medical portion of the case review and any applicable residual functional capacity assessment." 42 U.S.C. § 421(h)(1). Plaintiff's argument is misplaced for several reasons.

First, section 421(h) applies to an "initial determination," which refers to the first step in the Commissioner's review process, prior to a hearing by the ALJ. *See* 20 C.F.R. § 404.900(a)(1); *see also Westphal v. Berryhill*, No. 4:16-cv-59-JEO, 2017 WL 2172021, at *7 (N.D. Ala. May 17, 2017). Second, the Commissioner complied with section 421(h) by obtaining the opinion of a qualified psychologist at the initial level of review. As discussed above, Dr. Moore participated in the initial determination, reviewed the record, and determined that the medical evidence of record did not support work limitations due to mental health symptoms. R. 83. The ALJ credited Dr. Moore's finding in making her step-two finding and RFC determination. R. 18, 21–22. Finally, "although the 'administrative law judge has a duty to develop the record where appropriate,' the ALJ 'is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision.'" *Parker v. Colvin*, No. 3:15-cv-269-WC, 2016 WL 1092237, at *3 (M.D. Ala. Mar. 21, 2016) (quoting *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007)). In this case, as set out above, the record before the ALJ was sufficient to permit the ALJ to assess the severity of Plaintiff's alleged mental impairments.

The ALJ's decision includes a thorough discussion of Plaintiff's alleged mental impairments, including depression and anxiety, and provides a full explanation for her

conclusion that they were not severe. The court concludes that the ALJ did not err in considering Plaintiff's alleged mental impairments at step two.

*2. Subjective Complaints of Pain*

Next, Plaintiff argues that the "ALJ failed to properly evaluate [her] subjective statements regarding her physical impairments." Doc. 8 at 9.

In this circuit, to demonstrate that pain or symptoms of an underlying medical condition render her disabled, a plaintiff must satisfy what has come to be known as the "pain standard." *Mack v. Comm'r of Soc. Sec.*, 420 F. App'x 881, 883 (11th Cir. 2011); *see also Vonboeckman v. Colvin*, No. 5:13-cv-1401-SLB, 2014 WL 6239598, at *5 (N.D. Ala. Nov. 13, 2014). Under that standard, the plaintiff must "produce 'evidence of an underlying medical condition and (1) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such severity that it can be reasonably expected to give rise to the alleged pain.'" *Edwards*, 937 F.2d at 584 (quoting *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)); *see also Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991). If an ALJ discredits subjective testimony on pain, "he must articulate explicit and adequate reasons." *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) (citing *Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986); *MacGregor v. Bowen*, 786 F.2d at 1054).

SSR 16-3p directs an ALJ to consider "all of the evidence" when evaluating "the intensity, persistence, and limiting effects of an individual's symptoms" and sets forth a number of factors that an ALJ should consider, including: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms;

12

(3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the claimant receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the claimant uses or has used to relieve pain or other symptoms; and (7) any other factors concerning the claimant's functional limitations and restrictions due to pain or other symptoms. SSR 16-3p, 2017 WL 5180304, at *7–8 (Oct. 25, 2017); *see also* 20 C.F.R. § 404.1529(c)(3); *Collier v. Saul*, 407 F. Supp. 3d 1201, 1204 (N.D. Ala. Sept. 6, 2019).

Here, in evaluating Plaintiff's subjective complaints of pain, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms." R. 21. However, the ALJ also found that Plaintiff's statements "concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.*

Plaintiff contends that the ALJ's assessment consisted solely of "boilerplate language." Doc. 8 at 11. However, the ALJ's decision includes a discussion of the relevant factors, including Plaintiff's treatment history; the location, duration, frequency, and intensity of her pain; her prescribed medications; and her daily activities. R. 15–21; *see* 20 C.F.R. § 404.1529(c)(3) (identifying factors that an ALJ will consider when evaluating a claimant's symptoms, including pain); *see also* SSR 16-3p, 2017 WL 5180304, at *7–8. The ALJ thoroughly and accurately noted Plaintiff's statements and hearing testimony and discussed in detail her impairments, including depression, anxiety, hip sprain, arthritis, urinary incontinence, history of ovarian tumors, chronic abdominal pain, and plantar

fasciitis. R. 15–21. The ALJ observed, however, that the record did not contain any medical opinion supporting greater limitations than those included in the RFC. R. 21. The ALJ found persuasive the opinions offered by the state agency medical and psychological consultants, which the ALJ characterized as "reflect[ing] some limitations, but not to the level of severity alleged by [Plaintiff]." *Id.* In sum, the ALJ explained that an RFC for light work with various postural limitations accounted for Plaintiff's musculoskeletal problems, neurological issues, and pain complaints. *Id.* The ALJ explained that she included an additional unscheduled five-minute break for Plaintiff's incontinence issues. *Id.*

The court finds no error in the ALJ's evaluation of Plaintiff's subjective complaints of pain. Although Plaintiff points to evidence in the record that she contends bolsters her statements regarding the nature and limiting effects of her impairments, the fact that another conclusion may be reasonable from the record is not a basis for remand. *See Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011) ("The question is not . . . whether the ALJ could have reasonably credited [Plaintiff's] testimony, but whether the ALJ was clearly wrong to discredit it."). The ALJ sufficiently discharged her duty in reviewing the medical evidence and determining whether and how Plaintiff's impairments affect her ability to work. The ALJ's decision articulates the basis for the RFC and cites to substantial supporting evidence in the record. The court discerns no legal error in the ALJ's consideration of the evidence of record, nor in her explanation of the decision. Accordingly, because the Commissioner's decision is supported by substantial evidence and the proper legal standards were applied, it is due to be affirmed.

**V. CONCLUSION**

The court has carefully and independently reviewed the record and concludes that, for the reasons given above, the Commissioner's decision will be AFFIRMED. A separate judgment will issue.

In addition, it is hereby ORDERED that Plaintiff's request for an award of EAJA fees and request to extend the time to file a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b) are DENIED. *See* Doc. 8 at 12.

A separate judgment will issue.

Done, on this the 25th day of February, 2020.

/s/ Susan Russ Walker
Susan Russ Walker
United States Magistrate Judge